UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD HARRINGTON,

          Plaintiff,

v.

KILOLO KIJAKZI,[1]
Acting Commissioner,
Social Security Administration,

          Defendant.
_____/

Case No. 20-cv-10954

Paul D. Borman
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**OPINION AND ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 32); (2) ADOPTING MAGISTRATE JUDGE CURTIS IVY, JR.'S JULY 7, 2021 REPORT AND RECOMMENDATION (ECF NO. 31); (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 23); (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 26); AND (5) AFFIRMING THE DECISION OF THE COMMISSIONER**

On July 7, 2021, Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation ("Report") to deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the final decision of the Commissioner to deny Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 31, Report.) On July

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and pursuant to Fed. R. App. P. 43(c)(2), she should be substituted for Andrew Saul as the defendant in this suit.

21, 2021, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 32, Pl.'s Obj.) Defendant filed a Response to Plaintiff's Objections on August 3, 2021. (ECF No. 33, Def.'s Resp.)

Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections (ECF No. 32), ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 31), GRANTS Defendant's Motion for Summary Judgment (ECF No. 26), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 23), and AFFIRMS the findings of the Commissioner.

## I.   BACKGROUND

The findings of the Administrative Law Judge (ALJ) and the pertinent portions of the Administrative Record are accurately and adequately cited to in the Report and Recommendation and the Court incorporates those factual recitations here. (Report, PageID.1921-30 (citing ECF No. 17, Transcript of Social Security Proceedings *passim* (hereinafter "Tr. ___").) The record evidence will be discussed in this Opinion and Order only as necessary to the Court's resolution of Plaintiff's Objections. The following summary contains an overview of Plaintiff's disability claim.

Plaintiff applied for disability insurance benefits (DIB) on October 1, 2018 and supplemental security income (SSI) on June 26, 2019, alleging disability as of May 1, 2016. (Tr. 190, 297.) On November 6, 2019, Plaintiff appeared for and testified at a hearing before ALJ Anthony R. Smereka. (Tr. 36-65.) Plaintiff was represented by attorney Sarah Schairbaum at the hearing. (*Id*.) On December 16, 2019, the ALJ issued an unfavorable decision on Plaintiff's claims. (Tr. 10-23.)

The ALJ found that Plaintiff had the following severe impairments: substance abuse, attention deficit hyperactivity disorder (ADHD), bipolar disorder, anxiety, asthma, and neuropathy. (Tr. 13.) The ALJ found that Plaintiff met Listings 12.04 (depression) and 12.06 (anxiety), but that if Plaintiff "stopped substance use," none of the severe impairments would meet or medically equal a listed impairments. (Tr. 13-16.) The ALJ determined that Plaintiff had the following Residual Functional Capacity (RFC):

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the following exceptions: he should not be exposed to hazards, including work at unprotected heights or around dangerous moving machinery; there should be no climbing of any ladders, ropes, or scaffolds; there should be no driving in the course of employment; he has the ability for unskilled work, meaning the ability to understand, carry out, and remember simple instructions, to respond appropriately to supervision, coworkers, and usual work situations, and to deal with changes in a routine work setting; he should not work with the general public; he should have only occasional contact with coworkers and supervisors; and there should be no fast paced production pace work, where the pace is set by others (such as an assembly line or conveyor belt work).

3

(Tr. 16.) The ALJ found that even if Plaintiff stopped substance use, he was unable to perform past relevant work. However, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, and that he therefore has not been under a disability, as defined in the Social Security Act, since the amended alleged onset date of May 1, 2016. (Tr. 23.)

Plaintiff requested review of the ALJ's decision by the Appeals Council, which was denied on February 18, 2020. (Tr. 1-3.)

On April 17, 2020, Plaintiff commenced this action. (ECF No. 1.) The parties filed cross motions for summary judgment. (ECF No. 23, Pl's Mot.; ECF No. 26, Def.'s Mot.) Plaintiff also filed a reply brief. (ECF No. 29, Pl.'s Reply.) Plaintiff disputed the ALJ's determination that drug addiction and alcoholism (DAA) were the "but for" reason for his disability, and argued that: (1) despite the admitted substance abuse, he was disabled partially as a result of fetal alcohol syndrome, not DAA; (2) aside from the substance abuse, the conditions of depression, bipolar disorder, and anxiety met Listings 12.04 and 12.06; and (3) the ALJ erred by failing to mention Douglas Park, Ph.D.'s October 2019 statement that the psychological conditions hindered Plaintiff's ability to work. (Pl.'s Mot.)

In the July 7, 2021 Report and Recommendation on the cross motions, the Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary

4

Judgment, grant Defendant's Motion for Summary Judgment, and affirm the Commissioner's decision. (Report.) The Magistrate Judge found that the ALJ's decision was supported by substantial evidence. (*Id.*)

On July 21, 2021, Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation. (Pl.'s Obj.) Defendant filed its response to the objection on August 3, 2021. (Def.'s Resp.)

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed a "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement

5

with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are "supported by substantial evidence" and made "pursuant to proper legal standards." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h) and *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an

6

opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

"This Court does not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

"Judicial review of the Secretary's findings must be based on the record as a whole." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). Therefore, "[b]oth the court of appeals and the district court may look to any

evidence in the record, regardless of whether it has been cited by the [ALJ]." *Id.* (citing *Walker v. Sec'y of Health and Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989)). *See also Conley v. Comm'r of Soc. Sec.*, No. 13-cv-13072, 2015 WL 404229, at *10 (E.D. Mich. Jan. 29, 2015) ("The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ.").

"[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

### III. ANALYSIS

Plaintiff asserts essentially three objections to the Magistrate Judge's Report and Recommendation.[2] Defendant responds that Plaintiff's arguments fail to demonstrate any error in the Magistrate Judge's analysis.

---

[2] Plaintiff labels his objections Objection I.A., I.B., II.A., and II.B. The Court will address Objections I.A. and I.B. separately, and Objections II.A. and II.B. together as the third objection.
  The Court further notes that Plaintiff's counsel misidentifies Magistrate Judge Ivy as "magistrate" throughout the Objection. The title *magistrate* no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321

**A. Objection No. 1: The Commissioner's Conclusion That DAA Is A Contributing Factor To Plaintiff's Disability Is Not Supported By Substantial Evidence Because The Conditions Of Depression, Bipolar Disorder, And Anxiety Are Severe Enough To Meet Listings 12.04 And 12.06, Even In Absence Of Substance Use**

The Magistrate Judge explained that, consistent with the requirements of the DAA analysis, the ALJ found that when the effects of substance use were considered, Plaintiff experienced marked limitation in understanding, remembering, or applying information; interacting with others; concentrating, persisting or maintaining pace, and adapting or managing himself. (Report, PageID.1937, citing Tr. 13.) However, when Plaintiff "stopped substance use," he experienced no more than moderate limitation in any of the above areas, and he had greater than "a minimal capacity to adapt to changes in his environment." (*Id.* citing Tr. 15.) The Magistrate Judge found that the ALJ's finding is well supported by the record. (*Id.* PageID.1938.)

Plaintiff first argues that the treatment notes showing normal mental status evaluations, that the ALJ relies on in support of the finding that Plaintiff experienced

---

(1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). *See* Ruth Dapper, *A Judge by Any Other Name? Mistitling of the United States Magistrate Judge*, 9 FED. COURTS L. REV. 1, 5-6 (2015). Plaintiff's counsel is reminded to use the correct title, in the future, when referring to Magistrate Judge Ivy or any other magistrate judge in the federal courts.

no more than moderate psychological limitation when not engaged in substance use, are unreliable because they are "checkbox" forms with no additional information. (Pl.'s Obj., PageID.1948-50.) The Magistrate Judge addressed this argument in the Report and Recommendation, and explained that, in contrast to cases cited by Plaintiff stating that medical *opinions* based on check lists are less persuasive,

> the checked boxes [in this case] reflect a same-time assessment of Plaintiff's condition at the time of treatment rather than an assessment of his functional limitations (Tr. 1184-85, 1188, 1273-1274, 1569, 1616-1617). Further, while the ALJ cited the check-off forms by treating sources, he also relied on the narrative-based evidence to support the non-disability findings. Dr. Markowicz's March 2019 findings mirror the treating observations of a normal thought content, normal memory, average intelligence, and an appropriate manner (Tr. 600-602).

(Report, PageID.1963.)

Plaintiff contends that there are "two problems with this finding." (Pl.'s Obj. PageID.1949.) First, he contends that the treatment records "do not accurately reflect Plaintiff's overall functional impairments" because treatment notes from the same provider "show substantially the same findings" both before and after Plaintiff stopped abusing substances. (*Id.* PageID.1949-50.) However, a review of the records show that this is not so. Although it is true that some of the findings did not change, the September 2018 initial intake assessment, when Plaintiff was still using substances, shows that Plaintiff complained of experiencing sleep difficulties, depression, "severe anxiety," mood swings, paranoia, and that "[i]t is stressful trying

10

to stay clean." (Tr. at 1389.) His clinical findings included anxious mood, and poor impulse control, judgment, attention, and insight. (Tr. 1392-94.) On the other hand, after he stopped using substances in December 2018, Plaintiff's mood was generally described as "normal," "good, no issues or concerns," and "not depressed," (except when his girlfriend broke up with him and he was "upset and depressed about this" in September 2019), and his impulse control, judgment and insight were "adequate," when assessed from January through September 2019. (Tr. 1009, 1011-12, 1109, 1113-14, 1183-84, 1203, 1205-06, 1258-59, 1273-74, 1612, 1616-17.) The ALJ reviewed the record evidence and weighed the available record to find that Plaintiff was not disabled. The fact that Plaintiff, or even this court, might have weighed evidence differently, considered other evidence to be of greater import, or given more credit to Plaintiff's subjective description of symptoms does not justify overturning the ALJ's decision. *See Lindsley*, 560 F.3d at 604-05; *Stewart v. Comm'r of Soc. Sec.*, 811 F. App'x 349, 355 (6th Cir. 2020); *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009). "[A]dministrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." *Lindsley*, 560 F.3d at 604-05 (quotations omitted).

Second, Plaintiff contends that the Magistrate Judge erred by failing to find that the ALJ improperly "cherry-picked" the opinion of Dr. Markowicz, crediting the doctor's functional limitations but not adopting the doctor's opinion that the

11

evidence was insufficient for a diagnosis of bipolar disorder, ADHD, ODD, and anxiety. (Pl.'s Obj., PageID.1950-52.) Plaintiff's objection presents the same issue already presented to, and carefully considered by, the Magistrate Judge. The Magistrate Judge considered this argument (which was asserted for the first time in Plaintiff's reply brief), and explained:

> Plaintiff also faults the ALJ for finding that Dr. Markowicz's conclusion of non-disability level impairment persuasive while rejecting her accompanying conclusion that the evidence was insufficient for diagnoses of bipolar disorder, ADHD, ODD, and anxiety. (ECF No. 29, PageID.1913-1914). However, it is well settled that an ALJ is permitted to draw from the record as a whole in crafting the RFC. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 727-728 (6th Cir. September 5, 2013) (rejecting contention ALJ was "bound" by one medical opinion - ALJ "properly based her RFC determination on all the evidence of record"). Likewise here, ALJ permissibly drew on diverse and sometimes contradictory portions of the record in crafting the RFC.

(Report, PageID.1933 fn.3.) Plaintiff has not presented any new evidence or argument other than what was previously presented in his motion for summary judgment. Plaintiff merely disagrees with the ALJ and Magistrate Judge's conclusions. The ALJ thoroughly discussed Dr. Markowicz's evaluation of Plaintiff and explained why he found that opinion persuasive and well-supported by the doctor's evaluation and the evidence of record. That the ALJ did not adopt Dr. Markowicz's opinion in toto, and credited diagnoses that were rejected by Dr. Markowicz, does not justify reversal of the Commissioner's decision.

The Sixth Circuit has cautioned that allegations of "cherry-picking" are frequently made but "seldom successful" because they are invitations to reweigh the record evidence, which a reviewing court may not do. *See DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014) (citing *White*, 572 F.3d at 284 (finding "little indication that the ALJ improperly cherry picked evidence; the same process can be described more neutrally as weighing the evidence.")). Given the ALJ's lengthy discussion of all the medical evidence and the weight attributed to much of it, it is wholly inaccurate to say that the ALJ cherry-picked the evidence. *See Delong*, 748 F.3d at 726. The mere failure to mention or adopt portions of a medical opinion is not cherry picking; ALJs are not required to mention or address every piece of evidence presented, so long as the reviewing court can glean the rationale of the decision. *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) ("[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered.") (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)).

Accordingly, Plaintiff's first objection is OVERRULED.

> **B.     Objection No. 2: The Commissioner's Conclusion That DAA Is A Contributing Factor To Plaintiff's Disability Is Not Supported By Substantial Evidence Because The Commissioner Does not Adequately Delineate The Effects Of The Persistent And Severe Mental Disorder From The Effects Of Substance Abuse**

Plaintiff complains in his second objection that the "ALJ failed to delineate the effects of Plaintiff's persistent and severe mental disorders from the effects of his substance abuse," and that the ALJ's findings are not supported by substantial evidence. (Pl.'s Obj., PageID.1953.) Plaintiff states that "[t]he magistrate [judge] disagrees" and stated in the Report that "the ALJ in this case 'was able to draw on records from a relatively long period of sobriety to show that the non-substance use impairments were not disabling.'" (*Id.*, citing Report, PageID.1933, fn. 3.)

This is a largely a reassertion of an argument Plaintiff made in his motion for summary judgment and reply, and essentially a complaint with the way the ALJ reviewed and weighed the record evidence. (See Pl.'s Mot., PageID.1861-74; Pl.'s Reply, PageID.1911-17.) As discussed above, the Magistrate Judge fully considered and addressed these arguments in the Report and Recommendation. (Report, PageID.1933-41.) District courts in this Circuit have held that a court is not obligated to reassess the same arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation. *See Sanders v. Saul*, No. 19-12475, 2020 WL 5761025, at *2 (E.D. Mich. Sept. 25, 2020) (citing *Markgraff v. Comm'r of Soc. Sec.*, No. 17-10511, 2018 WL 654838, at *2 (E.D.

Mich. Jan. 31, 2018) ("Plaintiff's Objection includes arguments drawn almost in their entirety from his motion for summary judgment. They merely rehash the same arguments presented to the Magistrate Judge. The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation.")). Plaintiff failed to identify any error in the Magistrate Judge's Report, and instead simply pushes for a re-weighing of the evidence, which this Court cannot do. *See Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472, 472 (6th Cir. 1982) ("Our task is not to reweigh the evidence. That is solely the province of the [Commissioner]."). As long as the ALJ's decision is supported by substantial evidence, it must stand.

For these reasons, Plaintiff's second objection is OVERRULED.

### C. Objection No. 3: The Commissioner Erred By Failing To Properly Evaluate Medical Opinions In Accordance With Agency Regulations

Plaintiff argues in his final objection that the Magistrate Judge erred by finding that the ALJ adequately considered Douglas Park, Ph.D.'s report. (Pl.'s Obj., PageID.1956-58.)[3] Plaintiff made this same argument in his motion for summary judgment, and the Magistrate Judge wrote in his Report and Recommendation:

---

[3] The Court notes that Plaintiff was evaluated by, and this report was signed by, "Student Examiner" Amanda DeSantis, MA, with Dr. Park signing as the "Supervisor." (Tr. 1827-32.) In addition, Ms. DeSantis forwarded this report to Plaintiff's counsel. (Tr. 1833.) Thus, it is not clear that this report is accurately termed "Dr. Park's report." In any event, as explained herein, Plaintiff has failed to

> As a threshold matter, Plaintiff's contention that the ALJ ignored the portions of Dr. Park's findings supporting a disability finding is without merit. The ALJ acknowledged Dr. Park's diagnosis of bipolar disorder, ADHD, ODD, alcohol use disorder in remission, and substance use disorder in remission (Tr. 17). The ALJ noted "impaired personality testing," citing Dr. Park's finding that the results were attributable to a manic episode on the day of testing (Tr. 17). The ALJ acknowledged Dr. Park's finding of below average capacity for immediate recall, mental manipulation, perceptual patterning, and auditory short memory (Tr. 18). While the other medical evidence during Plaintiff's period of sobriety, such as the counseling records and Dr. Markowicz's March 2019 assessment, show a significantly lesser degree of limitation, the RFC precluding work with the general public; "only occasional contact with coworkers and supervisors;" and "no fast paced production pace work, where the pace is set by others" clearly reflects Dr. Park's findings (Tr. 16).

(Report, PageID.1942-43.) A review of the ALJ's decision reveals that he expressly considered and discussed Dr. Park's clinical findings, and also discussed how the medical evidence supports the RFC determination (Tr. 17-21), and the Magistrate Judge also expressly considered those findings in affirming the Commissioner's decision. The Court notes that an ALJ "is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Simons*, 114 F. App'x at 733 (internal citation omitted). The Court sees no indication that the ALJ disregarded relevant evidence.

Plaintiff contends that the Magistrate Judge erred by not addressing "the ALJ's failure to apply the factors set forth in § 404.1520(c) in his decision" with

---

demonstrate any error in the Commissioner's or the Magistrate Judge's analysis of this record evidence.

respect to Dr. Park's report. (Pl.'s Obj., PageID.1959-60.) 20 C.F.R. § 404.1520(c) governs consideration of "medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017." The obligation to analyze the consistency and supportability of a physician's statement arises only if the statement is in fact a "medical opinion" under the regulations. *See* 20 C.F.R. § 404.1520c. Dr. Park's clinical findings are not "medical opinions" as defined by the Social Security regulations and are not governed by the same standards.

The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)-(5); 416.913(a)(1)-(5). The regulations also define these categories. "Objective medical evidence" is defined as "medical signs, laboratory findings, or both." *Id.* §§ 404.1513(a)(1); 416.913(a)(1). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." *Id.* §§ 404.1513(a)(3); 416.913(a)(3). On the other hand, "[a] medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions…." *Id.* §§ 404.1513(a)(2); 416.913(a)(2).

17

Dr. Park's report is considered "other medical evidence" because it consists of clinical findings, diagnoses, and several recommendations, including that Plaintiff's mother continue to serve as his guardian, and that "gainful employment would be (and has historically been) extremely challenging," and that "[h]is psychological disorders seem to hamper his ability to work, both in the past, and in the present." (Tr. 1748-53, PageID.1827-32.) These "recommendations" do not constitute a "medical opinion" as defined by the regulations. The guardianship recommendation does not assess restrictions in any of the specified work-related activities (e.g., understanding, remembering, maintaining, concentration, etc.), and an opinion that a claimant is unable to work is not a medical opinion, but instead "[e]vidence that is inherently neither valuable nor persuasive." *See* 20 C.F.R. §§ 404.1513(a)(2), 404.1520b(c)(3)(i) ("Statements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work" are "inherently neither valuable nor persuasive."). *Kaufman v. Comm'r of Soc. Sec.*, No. 19-12904, 2020 WL 7701020, at *11 (E.D. Mich. Sept. 1, 2020) ("SSA will not consider 'evidence that is inherently neither valuable nor persuasive' and 'will not provide any analysis about how we considered such evidence in our determination or decision, even under § 404.1520c.'"), *adopted by* 2020 WL 7073169 (E.D. Mich. Dec. 3, 2020).

In this case, the Magistrate Judge further wrote that:

> Finally, even if Dr. Park's opinion that Plaintiff was unemployable were entitled to consideration, substantial evidence supports the opposite conclusion. Contrary to Dr. Park's statement that Plaintiff's employment history was sporadic and unsuccessful, Plaintiff reported to Dr. Markowicz that he worked as a dishwasher for one year and that the job ended when he moved (Tr. 599). He also told her that for two-and-a-half years he worked at Meijer as a stocker (Tr. 599). Plaintiff's ability to hold one job for a year and another for two-and-a-half years contradicts Dr. Park's conclusion that Plaintiff was unemployable. For this reason as well, the ALJ did not err in declining to discuss, much less adopt, Dr. Park's finding that Plaintiff was not employable.

(Report, PageID.1943-44.)

Plaintiff has failed to demonstrate any specific error in the Magistrate Judge's analysis, and accordingly, Plaintiff's third objection is OVERRULED.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

(1) OVERRULES Plaintiff's Objections (ECF No. 32);

(2) ADOPTS Magistrate Judge Ivy's July 7, 2021 Report and Recommendation (ECF No. 31);

(3) GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 26);

(4) DENIES the Plaintiff's Motion for Summary Judgment (ECF No. 23); and

(5) AFFIRMS the findings of the Commissioner.

    IT IS SO ORDERED.

Dated: August 9, 2021

s/Paul D. Borman
Paul D. Borman
United States District Judge